IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| MABLE L. RAHMAN, | * |
| Plaintiff, | * Case No.: GJH-18-368 |
| v. | * |
| NATIONSTAR MORTGAGE LLC, | * |
| Defendant. | * |

## MEMORANDUM OPINION

Plaintiff Mable L. Rahman brings this *pro se* action against Nationstar Mortgage LLC ("Nationstar" or "Defendant") relating to a mortgage loan on her personal residence. ECF No. 2. Now pending before the Court is Defendant's Motion to Dismiss, ECF No. 8. No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendant's Motion to Dismiss is granted.

**I.  BACKGROUND**

On November 13, 2017, Plaintiff, a citizen of the State of Maryland, filed a Complaint in the Circuit Court of Prince George's County, Maryland, Case No. CALI17-36084, in connection with a mortgage loan and lien against the real property commonly known as 11 Akin Avenue, Capitol Heights, Maryland 20886 (the "Property"). ECF No. 2. Plaintiff requested the court to extinguish Plaintiff's debt from a mortgage loan serviced by Defendant and release all liens Defendant has against the Property. *Id.* at 1.[1] Plaintiff appears to allege that it sent Defendant self-executed documents entitled "Non-Negotiable Asset Credit Voucher No. 810077993" and

---
[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

1

"Declaration of Trust #RE810077993US" as payment for the subject debt and, because Defendant did not respond to or acknowledge the documents, Plaintiff is entitled to "equitable title transfer." *Id.* at 2. On February 5, 2018, Defendant removed the action to this Court, stating that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. ECF No. 1.[2] Thereafter, Defendant moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 8.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While courts must liberally construe *pro se* complaints, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the court cannot ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Randolph v. Baltimore City States Atty.*, No. WQD-14-3176, 2014 WL 5293708, at *1 (D. Md. Oct. 14, 2014) (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990)).

---

[2] Plaintiff is a citizen of the State of Maryland. Defendant is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in Texas. ECF No. 1 ¶¶ 11, 12. Plaintiff indicates that as of February 5, 2018, the principal balance of the mortgage loan Plaintiff seeks to extinguish is $244,025.86 and the value of the Property, according to a 2017 assessment by Prince George's County, is $299.200. *Id.* ¶ 15.

Plaintiff has not asserted any cognizable claims against Defendant. Plaintiff does not allege that Defendant violated any federal or state laws when interacting with her or servicing her loan. Nor does Plaintiff set forth a colorable allegation disputing the existence or validity of the underlying loan. Instead, Plaintiff's Complaint and subsequent filings are limited to streams of legal jargon that render her pleadings incomprehensible. All the Court can surmise is that Plaintiff insists that she should be released from all debts and liens related to the Property because Defendant failed to respond to Plaintiff's self-executed documents mailed on October 11, 2016. ECF No. 1 at 2. Nothing about these documents suggests that Plaintiff is entitled to discharge of her loan repayment obligations, and Plaintiff's Complaint will be dismissed.

However, Plaintiff's response to Defendant's Motion to Dismiss, entitled "A Notice of Intention to Defend," contains additional assertions that, while conclusory and vague, allege that Defendant has taken some action to deceive Plaintiff beyond Defendant's failure to respond to Plaintiff's self-executed documents. *See* ECF No. 11 at 2 ("The first grounds upon which this notice of breach of trust is given, arises from Defendant willful concealing material facts and misrepresenting the terms of the contract for the purpose of deceiving the beneficiary by concealing material facts regarding the plaintiff rights, title and interest held in the trust."). Although Plaintiff cannot amend a Complaint through statements made in an opposition to a Motion to Dismiss, *see Zachair, Ltd. v. Driggs*, 965 F.Supp. 741, 748 n. 4 (D. Md. 1997), *aff'd*, 141 F.3d 1162 (4th Cir. 1998) (unpublished table opinion), Plaintiff will be given an opportunity to file an Amended Complaint if she is able to state a claim based on these allegations. *See, e.g., Ostrzenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir. 1999) (noting that a plaintiff should be afforded at least one amendment regardless of how unpromising the initial pleading is, unless it appears to a certainty that plaintiff cannot state a claim). Plaintiff is cautioned that failure to set

forth any specific factual allegations related to Defendant's conduct, beyond that alleged herein related to Defendant's failure to respond to Plaintiff's self-executed documents, will result in dismissal of Plaintiff's Complaint with prejudice.[3]

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 8, shall be granted. A separate Order follows.

Dated: July 25, 2018 /s/
GEORGE J. HAZEL
United States District Judge

---

[3] Plaintiff has also filed an "Affidavit of Fact" and "Bill of Attainer" requesting the Court to provide a copy of its "Certified Delegation of Authority Order" that establishes the Court's jurisdiction over Plaintiff and requesting Defendant to provide a copy of the original promissory note. ECF Nos. 14; 16. To the extent that these filings can be construed as motions upon the court, the motions are denied. Further, Plaintiff is cautioned that further attempts to make such demands as a part of a motion to amend her Complaint will result in dismissal with prejudice.